ALSD Local 106 (Rev. 07/13) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Alabama

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

the cellular telephone assigned call number ▉▉▉▉▉1422

)
)
)
)
)
)

Case No. 23-MJ- 117-B

Filed Under Seal

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A (incorporated by reference).

located in the ___Southern___ District of ___Alabama___, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B (incorporated by reference).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☐ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1349, 1344, and 513(a) | Fraud conspiracy, bank fraud, and possession of counterfeited or forged securities |

The application is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Michael Maxey, U.S. Postal Inspector
*Printed name and title*

Sworn to before me and attestation acknowledged pursuant to FRCP 4.1(b)(2).

Date: May 9, 2023

*Judge's signature*

City and state: Mobile, Alabama

Sonja F. Bivins, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER ▮ 1422 | Case No. 23-MJ- 117-B<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Michael Maxey, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number ▮-1422 (the "Target Cell Phone"), whose service provider is Verizon Wireless ("Verizon"), a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, New Jersey, 07921. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

1. I am a Postal Inspector with the United States Postal Inspection Service ("USPIS"), and have been since August 2017. During my time with USPIS, I have worked on many investigations involving theft of mail, various postal crimes, and fraud offenses, among

SEALED

other crimes. Before becoming a Postal Inspector, I attended a three-month Postal Inspector Basic Training course in Potomac, Maryland, during which I received training on criminal investigative techniques and practices. Additionally, before joining USPIS, I worked for more than seven years as a police officer with the Mobile, Alabama Police Department ("MPD"). During that time, I spent more than three years as a detective in MPD's Financial Crimes Unit. I was also a federally deputized task force officer for the U.S. Secret Service, where I investigated both federal and state fraud-related crimes. My duties as a Postal Inspector include investigating suspected mail theft (18 U.S.C. § 1708); mail fraud (18 U.S.C. § 1341); wire fraud (18 U.S.C. § 1343); bank fraud (18 U.S.C. § 1344); conspiracy offenses (18 U.S.C. §§ 371 and 1349); identity theft offenses (18 U.S.C. § 1028); and aggravated identity theft (18 U.S.C. § 1028A), among other crimes. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. All dates, locations, and amounts referenced in my affidavit are approximations.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that **Thomas Charles Bridges** ("**Bridges**") has violated 18 U.S.C. §§ 1349 (fraud conspiracy), 1344 (bank fraud), and 513(a) (possession of counterfeited or forged securities). **Bridges** and several codefendants were charged with these crimes on April 26, 2023, pursuant to a sealed grand jury

2

SEALED

indictment returned in the Southern District of Alabama. *See* Case No. 23-cr-00082-TFM (sealed). The Clerk of the Court issued an arrest warrant for **Bridges** on April 27, 2023. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting **Bridges**, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

5. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

6. The United States, including the USPIS, is conducting a criminal investigation of **Bridges** and several coconspirators regarding violations of various federal crimes, including but not limited to 18 U.S.C. §§ 1349 (fraud conspiracy), 1344 (bank fraud), 513(a) (possession of counterfeited or forged securities), and 1708 (mail theft).

7. Since August 2022, I have been investigating **Bridges**, codefendant Errol Michael Gilyot ("Gilyot"), and several coconspirators for a counterfeit check-cashing scheme ("the scheme") involving the theft of mail from businesses within the Southern District of Alabama and the use of checks stolen from the mail to produce counterfeited and forged checks, which are then deposited into the accounts of various accountholders who knowingly provide their debit/credit cards and PIN codes to be used in furtherance of the scheme for a share of the illicit proceeds. As part of my investigation, I have acquired federal search warrants in the Southern District of Alabama for the contents of several cellular devices, social media accounts, and **Bridges's** residence ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. For purposes of brevity, my

3

affidavit fully incorporates the facts from the affidavits that I submitted in support of those search warrants. The results of those warrants revealed hundreds of messages between **Bridges** and other coconspirators in furtherance of the scheme.

8. As noted above, on April 26, 2023, a federal grand jury in the Southern District of Alabama indicted **Bridges** and several codefendants for violations of 18 U.S.C. §§ 1349 (fraud conspiracy), 1344 (bank fraud), and 513(a) (possession of counterfeited or forged securities). The sealed indictment stems from **Bridges's** participation in the scheme with Gilyot and other coconspirators.

9. On May 8, 2023, agents attempted to arrest **Bridges** at his last known address, ▇▇▇▇▇▇▇▇▇▇▇▇, Mobile, Alabama 36607, which is the same residence for which I previously acquired a federal search warrant. **Bridges** was not at the residence nor were any of his belongings. **Bridges's** grandmother stated that she stopped allowing him to live with her after we conducted the search warrant at her residence, and she does not know where he is currently residing.

10. As part of my investigation, I also issued federal grand jury subpoenas requesting many records. Among those subpoena returns are records supplied by Verizon confirming that the Target Cell Phone is associated with **Bridges**.

11. In my training and experience, I have learned that Verizon is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively

4

SEALED

precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

12. Based on my training and experience, I know that Verizon can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as Verizon typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

13. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

14. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until

5

SEALED

30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

15. I further request that the Court direct Verizon to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Verizon. I also request that the Court direct Verizon to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Verizon's services, including by initiating a signal to determine the location of the Target Cell Phone on Verizon's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

SEALED

16. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

Respectfully submitted,

Michael Maxey
Postal Inspector
U.S. Postal Inspection Service

THE ABOVE AGENT HAD ATTESTED TO
THIS AFFIDAVIT PURSUANT TO FED. R.
CRIM. P. 4.1(b)(2)(A) THIS 9th DAY OF
MAY 2023.

SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE

7

SEALED

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number ███████-1422, whose wireless service provider is Verizon, a company headquartered at 180 Washington Valley Road, Bedminster, New Jersey 07921.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of Verizon.

SEALED

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Verizon, Verizon is required to disclose the Location Information to the government. In addition, Verizon must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Verizon's services, including by initiating a signal to determine the location of the Target Cell Phone on Verizon's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

SEALED

## II. Information to Be Seized by the Government

All information described above in Section I that will assist in arresting **Thomas Charles Bridges**, who was charged with violating 18 U.S.C. §§ 1349 (fraud conspiracy), 1344 (bank fraud), and 513(a) (possession of counterfeited or forged securities) on April 26, 2023, and is the subject of an arrest warrant that was issued in the Southern District of Alabama on April 27, 2023, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this warrant.

2

SEALED